ARENAS ET AL., PETITIONERS AND APPELLEES, *v.* COMMISSIONER OF THE INTERIOR, RESPONDENT AND APPELLANT.

APPEAL from the District Court of San Juan, Section 1, in Proceedings for an Injunction.

No. 1809.—Decided November 22, 1918.

INJUNCTION—PLEADINGS.—Even when it is not alleged in a petition for an injunction that the petitioners "had no adequate remedy at law," such omission is not a sufficient ground for dismissing the petition if it may be deduced from the facts that the said petitioners had no other speedy and efficient remedy for obtaining a recognition of their rights.

CONSTRUCTION OF LAW—AUTOMOBILES—CHAUFFEUR OR DRIVER—LICENSE.—As the law exacts the same qualifications for operators of motor vehicles, either as drivers or chauffeurs, there is no reason why the owner of an automobile may not drive it himself and collect the fares if he has shown his ability to operate it and, after paying the fees prescribed by law, obtained the necessary license without any restriction, and also paid the amount required by law for engaging in the public-carrier business.

The facts are stated in the opinion.

*Messrs. H. L. Kern,* Attorney General, *Jaime Sifre, Jr.,* Assistant Attorney General, and *Robert H. Todd* for the appellant.

*Mr. Enrique Campillo* for the appellees.

MR. JUSTICE DEL TORO delivered the opinion of the court.

Fidel and Antonio Arenas and Fidel Vázquez filed a peti-

tion for an injunction in the District Court of San Juan, alleging that they were the owners of motor vehicles used in the public service for the transportation of passengers throughout the Island of Porto Rico, having paid the fees required by law; that they personally operated their vehicles under licenses as "operators" obtained in accordance with the law; that notwithstanding this, by virtue of a circular issued by the respondent as Acting Commisioner of the Interior, they were criminally charged with driving their vehicles without having licenses as chauffeurs; that also the police had forbidden them to continue their business, and, finally, that the said commissioner had canceled their licenses as operators, for all of which they claimed that they had been caused grave and irreparable damage difficult to estimate inasmuch as it involved the loss of their customers, giving occasion for a multiplicity of suits. They prayed for a writ of injunction securing to them their right to continue in the free exercise of their business.

The court ruled the respondent to show cause why the relief prayed for should not be granted. The respondent alleged that the facts stated in the petition were not sufficient to justify the issuance of the writ, admitting further on in his "answer" that the said facts were practically true and denying instead the conclusions of the petitioners. The respondent maintained that in addition to a license as "operator" which the owner of a motor vehicle may have, he must have also a license as "chauffeur" in order to use the vehicle driven by himself for the public conveyance of passengers. After having heard both parties the court rendered judgment for the petitioners and from that judgment the respondent took the present appeal.

In his brief the respondent maintains that the district court erred in overruling the demurrer and in granting the injunction.

1. Let us examine the first error, which embraces two propositions:

(*a*) It is contended that because it was not alleged in the petition that the petitioners "were without an adequate remedy at law," the petition should have been dismissed summarily. It is true that such an allegation was not expressly made, but as the facts set up indicate that the petitioners had no other speedy and adequate means of obtaining an acknowledgement of their rights, the omission has not the scope suggested by the appellant. If the petitioners had been obliged to await the result of the criminal actions brought against them, including the appeals that might have been taken, the delay as regards the pursuit of their business enterprise would have amounted perhaps to a denial of justice.

(*b*) The appellant also contends that the allegations as to irreparable damages and multiplicity of suits are not made in the petition in the manner required by law and jurisprudence.

We agree with the appellant that the mere allegation that irreparable damages will result is not sufficient. But in this case the petitioners alleged something more. They contended that the damages which they would suffer if prevented from continuing their public transportation enterprise would be grave, irreparable and difficult to estimate because the loss of their customers was involved.

As to the multiplicity of suits, no great mental effort is required for observing that the injunction disposes of the questions absolutely, whereas the criminal actions, if the petitioners were finally acquitted, as they were, in the appellate court, according to the statement of the appellees in their brief, could be multiplied inasmuch as their acquittal in one action would not be an absolute bar to the filing of new complaints against them.

2. The appellant contends that "an operator with a license as such requires a chauffeur's license in order to operate and drive a motor vehicle used in the public service," and that

in not so holding the district court erred and its judgment should be reversed.

Let us examine Act No. 75 of 1916, which governs the matter. Section 1 defines *chauffeur* as "any person who is paid for operating a motor vehicle," and *operator* as "any person who operates a motor vehicle, other than a *chauffeur*." From these definitions the appellant deduces that in order that a person who drives an automobile may be authorized to receive fares from passengers in a public-service vehicle he must necessarily hold a license as chauffeur, a license as operator not being sufficient.

In order properly to dispose of the question raised it is necessary to study the act more closely. Only persons who hold licenses as chauffeurs or operators can drive motor vehicles in Porto Rico. That is obvious. How are these licenses obtained? By means of an application accompanied by a sworn medical certificate clearly stating that the applicant is physically and mentally fitted to operate such a vehicle, after undergoing a thorough examination to test his practical knowledge and ability and after the payment of the sum of five dollars. (Act No. 75, secs. 5 and 10.) The personal qualifications and the fees payable to the Treasury of Porto Rico are, therefore, the same for obtaining either license. What the law requires for the operation of a motor vehicle is a demonstration of the necessary ability and the payment of the sum fixed, no distinction being made between public-service vehicles and private vehicles.

Where is the distinction made? In section 10 of the said Act No. 75 of 1916. In establishing the schedule of fees to be paid a clear distinction is made between private automobiles, which are taxed at only fifty cents or one dollar the horse-power per annum, and public-service vehicles, which are taxed at $20 annually in addition to the other prescribed fees when operating in a single municipality, and $30 when operating throughout the Island.

This being the case, the pay to which the statute refers in defining the word "chauffeur" cannot possibly mean the fares which a person driving an automobile receives from the passengers, but must be confined to its proper meaning; that is, the salary or lump or proportionate sum that he is paid for the work done by him in driving a motor vehicle. Interpreting the act in this sense, we do not see why the owner of a motor vehicle may not drive it himself, and collect the fares after he has proved his ability to operate it and obtained the necessary license without any restriction by paying the statutory fees together with the other fees prescribed by law for acting as a public carrier.

In view of the foregoing the appeal should be dismissed and the judgment appealed from

*Affirmed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.